IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. : 2011-cv-01988-RBJ-BNB

DANIEL CLARK,

     Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

     Defendant.

_____

## SCHEDULING ORDER
_____

### 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The scheduling conference was held on September 30, 2011, at 10:00 a.m.  The following counsel appeared:

    a.    Plaintiff Daniel Clark:

W. Dan Mahoney, Esquire
The Law Offices of W. Dan Mahoney, P.C.
1050 17th Street, Suite 1750
Denver, Colorado 80265
(303) 407-0484

    b.    Defendant American Family Mutual Insurance Company:

L. Kathleen Chaney, Esquire
Michael G. Paul, Esquire
Lambdin & Chaney, LLP
4949 S. Syracuse Street., Suite 600
Denver, Colorado 80237
(303) 799-8889

## 2. STATEMENT OF JURISDICTION

Jurisdiction is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff Daniel Clark:

Daniel Clark had in place a policy of insurance with American Family Insurance Company ("AFMIC") at the time of the wind/hail storm that caused damage to Plaintiff's property. Clark made a claim on the policy to AFMIC. AFMIC hired Pie Forensic Consultants, to evaluate the damages to the roof. Based on the estimate of Pie Forensic, AFMIC tendered only $1,041.42 to Clark. This amount did not compensate Clark for the amount of damage sustained to his property as a result of this hail storm. Then Clark retained a private public adjuster to represent him. That adjuster estimated total damages at $35,291.49. This estimate was submitted to AFMIC, but AFMIC did not pay any more money toward the claim.

Plaintiff Daniel Clark alleges that AFMIC has breached its contract with Clark and Clark seeks breach of contract damages. Further, Clark alleges that AFMIC has violated its duty to adjust the claim in good faith and deal fairly with Clark. To that end, Clark alleges that AFMIC has violated the Colorado Insurance Code (C.R.S.A. § 10-3-1104 et seq) and is liable to Clark for the damages allowed in that code, including bad faith damages of two times actual damages, plus interest and attorney fees.

b.      Defendant American Family Mutual Insurance Company:

American Family denies that it breached the insurance contract, denies that it acted in bad faith and denies that it unreasonably delayed or denied the claim. This lawsuit stems from Plaintiff's claim under his American Family insurance policy for damage to the roof of an apartment building. Although Plaintiff alleges that the roof was severely damaged by a devastating hail storm, the inspections performed by American Family adjusters as well as an independent forensic engineer revealed that the hail-related damage to the roof did not warrant the roof's replacement.

Throughout its handling of Plaintiff's claim, American Family timely responded to correspondence, inspected the loss location, evaluated the extent of the damage, and prepared repair estimates.

American Family asserts the following defenses:

- Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.
- Plaintiff has failed to reasonably mitigate his damages, if any.
- Plaintiff's injuries or damages, if any, were caused by his own comparative negligence or fault, or the negligence or fault of others imputed to him, which negligence or fault bars or diminishes any recovery of damages pursuant to C.R.S. § 13-21-111.
- Plaintiff's injuries or damages, if any, were caused by the negligence or fault of others for whom this Defendant is not responsible or over whom this Defendant has no control.
- Plaintiff is not the real party interest and/or has failed to join an indispensable party.

- Plaintiff is barred from recovery of damages pursuant to the collateral source doctrine as set forth in C.R.S. § 13-21-111.6.
- Plaintiff's claims are barred in whole or in part by virtue of the terms and conditions of the contract of insurance.
- Plaintiff's claims are barred by its failure to comply with the terms and conditions of the insurance policy.
- Plaintiff's claims are barred by its failure to comply with the terms and conditions of the insurance policy.
- Plaintiff's claims for non-economic damages, if any, are barred or limited by C.R.S. § 13-21-102.5.
- Although Defendant has acted reasonably at all times and in accordance with the terms of the insurance policy, Plaintiff's claims may be barred in whole or in part by his unreasonable conduct, or the unreasonable conduct of others that can be imputed to him.
- Plaintiff's claims, in whole or in part, are frivolous and/or groundless, entitled Defendant to an award of attorney fees and costs.
- Plaintiff's claims are barred in whole or in part pursuant to Colorado Division of Insurance Regulation 5-1-14 and 3 CCR 702-5:5-1-14.
- ~~Defendant reserves the right to amend its Answer to include additional Defenses or voluntarily withdraw Defenses, as discovery so reveals.~~

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. American Family issued a commercial lines policy to Plaintiff, policy number 05XN323901, which provided certain coverages for property located at 14198 E 101st Place, Commerce City, Colorado 80022, subject to the terms, conditions, provisions, definitions, limitations, and exclusions contained in the policy.

## 5. COMPUTATION OF DAMAGES

After application of the deductible on the policy, Plaintiff alleges that he is entitled to $33,250.07 in actual damages. Plaintiff also alleges that he is entitled to twice that amount of damages due to AFMIC's bad faith, as well as reasonable attorney fees and interest.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. Date of Rule 26(f) meeting.

September 8, 2011

b. Names of each participant and party he/she represented.

**Dan Mahoney represented the Plaintiff.**

**Michael Paul represented the Defendant.**

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

**On or before September 23, 2011.**

d. Proposed changes, if any, timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).

**None.**

e. Statement concerning any agreement to conduct informal discovery.

      **The parties have discussed permitting the defendant to conduct additional inspections of the property at issue in the near future to facilitate possible early resolution.**

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

   **The parties have agreed to use a unified exhibit numbering system.**

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

   **The parties do not anticipate that extensive electronically stored information will be involved in this case.**

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

   **The parties have discussed the possibilities for a prompt resolution of the case and will consider private mediation at the appropriate time with a mutually agreeable mediator.**

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**The parties agree to the presumptive limit of 10 depositions per side and 25 written interrogatories per side.**

b. Limitations which any party proposes on the length of depositions.

**Each deposition is limited to 1 day of 7 hours.**

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

**Each party may serve up to 25 requests for production and 25 requests for admission.**

d. Other Planning or Discovery Orders.

**To the extent that disclosures and/or discovery to American Family requires the disclosure of documents that contain proprietary, confidential, competitively sensitive and/or trade secret information, the parties have stipulated to the attached Protective Order, which will be submitted on motion to the Court for approval.**

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

**November 14, 2011**

b. Discovery Cut-off:

**March 26, 2012**

    c.    Dispositive Motion Deadline:

    **April 30, 2012**

    d.    Expert Witness Disclosure:

        1.    The parties shall identify anticipated fields of expert testimony, if any.

        **The parties anticipate using experts in the fields of roofing/construction, cost of repair, accounting/business income; and claims handling/bad faith.**

        2.    Limitations of which the parties propose on the use or number of expert witnesses.

        **The parties agree to limit expert witnesses to no more than 4 per side.**

        3.    The parties shall designate all affirmative experts and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before

        **December 12, 2011.**

        The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before

        **January 13, 2012.**

    e.    Identification of Persons to be Deposed:

| Name of Deponent | Expected Length of Deposition |
| --- | --- |
| Daniel Clark | 7 hours |
| American Family Claims Representative | 7 hours |
| Public Adjuster | 7 hours |
| Plaintiff's Experts | Up to 7 hours each |
| Defendant's Experts | Up to 7 hours each |

   f.  Deadline for service of Interrogatories: **All written discovery must be served so that responses are due on or before the discovery cut-off**

    ~~33 days prior to close of discovery.~~

   g.  Deadline for service of Requests for Production of Documents and/or Admissions: **All written discovery must be served so that responses are due on or before the discovery cut-off**

    ~~33 days prior to close of discovery.~~

### 10. DATES FOR FURTHER CONFERENCES

   a.  A Settlement Conference **may be set on the motion of the parties.** ~~will be held on _____ at ____ o'clock, __.m. It is hereby Ordered that all Settlement Conferences take place before the magistrate judge shall be confidential.~~

    ~~( ) *Pro Se* parties and attorney only need to be present.~~

    ~~( ) *Pro Se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If any insurance company is involved, an adjuster authorized to enter into settlement must also be present.)~~

    ~~( ) Each party shall submit a Confidential Settlement Statement to the Magistrate Judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.~~

   b.  Status Conferences will be held in this case at the following dates and times:

    _____

  c. A final Pre-Trial Conference will be held in this case on **June 21, 2012, at 8:30 a.m.** A final Pretrial Order shall be prepared by the parties and submitted to the Court no later than **June 14, 2012** ~~five (5) days before the Final Pre-Trial Conference~~.

## 11.  OTHER SCHEDULING MATTERS

  a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:

**None.**

  b. Anticipated length of trial and whether trial is to the Court or jury:

**The parties anticipate needing six (6) days to try this case to a jury.**

  c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado.

**None.**

## 12.  NOTICE TO COUNSEL AND *PRO SE* PARTIES

The parties filing motion for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures and Practice Standards established by the judicial officer presiding over the trial of the case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate Notice with the clerk's office, a *pro se* party must file a copy of a Notice of Change of his or her address or telephone number with the clerk of the Magistrate Judge assigned to the case.

In addition to filing an appropriate Notice with the clerk's office, counsel must file a copy of any Motion for Withdrawal, Motion for Substitution of Counsel or Notice of Change of Counsel's Address or Telephone Number with the clerk of the Magistrate Judge assigned to the case.

### 13.  AMENDMENTS TO THE SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

Dated September 30, 2011.

BY THE COURT:

  s/ Boyd N. Boland
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| *s/ W. Dan Mahoney* | *s/ Michael G. Paul* |
| W. Dan Mahoney | L. Kathleen Chaney |
| The Law Offices of W. Dan Mahoney, P.C., | Michael G. Paul |
| 1050 17th Street, Suite 1750 | Lambdin & Chaney, LLP |
| Denver, Colorado 80265 | 4949 S. Syracuse Street, Ste 600 |
| *ATTORNEY FOR PLAINTIFF* | Denver, Colorado 80237 |
| | *ATTORNEY FOR DEFENDANT* |